IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DWAYNE COX, | ) | |
| Plaintiff, | ) ) ) | 04C 2997 |
| v. | ) ) | JUDGE JOHN W DARRAH |
| CITY OF CHICAGO AND AS-YET UNKNOWN CHICAGO POLICE OFFICERS, | ) ) ) | MAGISTRATE JUDGE ASHMAN |
| Defendants. | ) | Jury Trial Demanded |

### COMPLAINT

NOW COMES Plaintiff, DWAYNE COX, by his attorneys, LOEVY & LOEVY, and complaining of Defendants, CITY OF CHICAGO and AS-YET UNKNOWN CHICAGO POLICE OFFICERS (henceforth collectively referred to as "Defendant Officers"), state as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within district.



**Background**

4. Plaintiff, Dwayne Cox, is a 35 year-old security screener at Midway Airport who resides at 4866 W. St. Paul, Chicago, Illinois with his wife and their eleven year-old son and nine year-old daughter.

5. On the afternoon of April 12, 2004, Plaintiff was leaving his home to take his son to an appointment when an unmarked police vehicle pulled up near his home, followed by a white pick-up truck. The Defendant Officers exited the vehicle and approached Mr. Cox, who was standing on his front porch.

6. The Defendant Officers asked Plaintiff if someone by a name to the effect of "Latonya Boatman" was there. Plaintiff replied that no one by that name lived at the address.

7. One of the Defendant Officers then stated words to the effect of, "we need to come into the house to check something out." Plaintiff, who was concerned about getting his son to the appointment on time, replied with words to the effect of, "no, you are not going in my house."

8. As Plaintiff turned to lock his front door, one of the Defendant Officers physically took the keys from his hand. As Plaintiff reached to get his keys back, the other Defendant Officer grabbed his hand.

9. The Defendant Officer then pulled Plaintiff down the stairs of the porch, grabbed him around the neck, and began to choke him. The other Defendant Officer then approached Plaintiff from behind, grabbed and handcuffed him.

10. The Defendant Officers then pulled Plaintiff, one by the collar of his shirt and the other by the handcuffs, into his house. Plaintiff told them that they had made a mistake and their actions were not necessary.

11. After searching the home himself, one of the Defendant Officers then went outside and returned with a man who had been in the white pick-up truck outside.

12. The Defendant Officer instructed the man to look around the house to "see if anything was his." The man did so and then returned, stating that his property was not in the house.

13. After being unhandcuffed, Plaintiff asked the Defendant Officers for their names and badge numbers. One of the Defendant Officers wrote down some numbers on a piece of paper and they left.

14. Plaintiff immediately began to search outside for his keys in order to take his son to the appointment.

15. Shortly thereafter, the Defendant Officers returned, gave Plaintiff his keys back, and asked Plaintiff for the piece of paper that had their star numbers on it.

3

16. When Plaintiff returned the paper with the badge numbers on it to the Defendant Officer, he tore off the portion with their star numbers on it and left the premises.

### COUNT I - 42 U.S.C. § 1983

### Unreasonable Search and Seizure

17. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

18. As described more fully above, the Defendant Officers conducted an unconstitutional search and seizure.

19. More specifically, the Defendant Officers had neither a warrant nor consent to search Plaintiff's home.

20. Neither the entry into the home nor the search were lawfully justified by the circumstances confronting the officers.

21. As a result of the violation of his constitutional rights described above, Plaintiff suffered damages, including emotional distress.

22. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

23. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

24. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

    c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d. Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which officers fail to report

5

misconduct committed by other officers, such as the misconduct at issue in this case; and

  e. The City of Chicago has knowledge of, and the relevant policy-makers have failed to act to remedy, the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

## Count II - 42 U.S.C. § 1983

### Excessive Force

25. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

26. As described in the preceding paragraphs, the conduct of the Defendant Officers toward Plaintiff constituted excessive force in violation of the United States Constitution.

27. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with wilful indifference to Plaintiff's constitutional rights.

28. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

29. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

30. As a result of the unjustified and excessive use of force by the Defendant Officers, as well as the City's policy and practice, Plaintiff has suffered injuries including emotional distress.

## Count III – State Law Claim

## Illinois Civil Rights Act – 740 ILCS § 23/5(c)(2)

31. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

32. The misconduct described above is a violation of Plaintiff's rights as secured by the Illinois Constitution.

33. Specifically, by using excessive force against Plaintiff and illegally searching his home, the Defendant Officers violated Plaintiff's right to be secure in his person against unreasonable searches, seizures, and invasions of privacy under Article I, Section 6 of the Illinois Constitution.

34. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

35. As a result of these deprivations of Plaintiff's rights as secured by the Illinois Constitution, Plaintiff has suffered damages, including but not limited to attorneys' fees and costs, for which the Defendant Officers are liable.

### COUNT IV - State Law Claim

### Assault and Battery

36. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

37. As described more fully in the preceding paragraphs, the actions of the Defendant Officers created a reasonable apprehension of imminent harm and constituted offensive physical contact with Plaintiff.

38. As a result of the actions of the Defendant Officers, Plaintiff sustained emotional injuries.

39. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

### Count V - State Law Claim

### Trespass

40. Plaintiff realleges each of foregoing Paragraphs as if fully stated herein.

41. In the manner described more fully above, the Defendants did knowingly and intentionally intrude upon the Plaintiff's premises, in which he has a possessory interest.

42. As a result of the Defendants' unjustified and unlawful trespass, Plaintiff has suffered injury, including emotional distress.

### COUNT VI - State Law Claim

### Respondeat Superior

43. Plaintiff realleges each of foregoing Paragraphs as if fully stated herein.

44. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of their employment.

45. Defendant City of Chicago is liable as principal for all torts committed by its agents.

### COUNT VII - State Law Claim

### Indemnification

46. Plaintiff realleges each of foregoing Paragraphs as if fully stated herein.

47. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

48. The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

9

WHEREFORE, Plaintiff, DWAYNE COX, respectfully requests that the Court enter judgment in his favor and against Defendants, CITY OF CHICAGO AND AS-YET UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages and attorneys' fees, along with punitive damages against the AS-YET UNKNOWN CHICAGO POLICE OFFICERS in their individual capacities, as well as any other relief this Court deems just and appropriate under the circumstances.

### JURY DEMAND

Plaintiff DWAYNE COX hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Michael Kanovitz
Amanda Antholt
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s):** Dwayne Cox

County of Residence: Cook

Plaintiff's Atty: Loevy & Loevy
312 N. May St., Suite 100
Chicago, IL 60607
(312) 243-5900

**Defendant(s):** City of Chicago and As-yet Unknown Chicago Police Officers

County of Residence:

Defendant's Atty:

**DOCKETED APR 2 8 2004**

II. Basis of Jurisdiction: **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal Parties (Diversity Cases Only)
Plaintiff:- N/A
Defendant:- N/A

**04C 2997**

IV. Origin: **1. Original Proceeding**

V. Nature of Suit: **440 Other Civil Rights**

VI. Cause of Action: **42 U.S.C. Section 1983**

**JUDGE JOHN W DARRAH**

**MAGISTRATE JUDGE ASHMAN**

VII. Requested in Complaint
Class Action:
Dollar Demand:
Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: _____

Date: 4/27/04

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.** Revised: 06/28/00

http://www.ilnd.uscourts.gov/PUBLIC/Forms/auto_js44.cfm     4/27/2004

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DOCKETED
APR 2 8 2004

In the Matter of

Dwayne Cox
v.
City of Chicago and as-yet Unknown Chicago Police Officers

Case No. 04C 2997

JUDGE JOHN W. DARRAH
MAGISTRATE JUDGE ASHMAN

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff, Dwayne Cox

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Jon Loevy | NAME: Arthur Loevy |
| FIRM: Loevy & Loevy | FIRM: Same |
| STREET ADDRESS: 312 N. May St., Suite 100 | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, IL 60607 | CITY/STATE/ZIP: |
| TELEPHONE: (312) 243-5900  FAX: (312) 243-5902 | TELEPHONE:  FAX: |
| E-MAIL ADDRESS: | E-MAIL ADDRESS: |
| ID NUMBER: 02618254 | ID NUMBER: 1682479 |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☑ NO ☐ |
| TRIAL ATTORNEY? YES ☑ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☑ |
|  | DESIGNATED AS LOCAL COUNSEL? YES ☑ NO ☐ |
| **(C)** | **(D)** |
| SIGNATURE | SIGNATURE |
| NAME: Amanda Antholt | NAME: Mike Kanovitz |
| FIRM: Same | FIRM: Same |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE:  FAX: | TELEPHONE:  FAX: |
| E-MAIL ADDRESS: | E-MAIL ADDRESS: |
| ID NUMBER: 00891578 | ID NUMBER: 6275233 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☑ | MEMBER OF TRIAL BAR? YES ☑ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☑ | TRIAL ATTORNEY? YES ☐ NO ☑ |
| DESIGNATED AS LOCAL COUNSEL? YES ☑ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☑ NO ☐ |